FILED

AUG 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 96-255 (TFH) |
| LECOUNT JACKSON, | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the Court upon consideration of defendant's "Renewed Independent Action to Obtain Relief From Judgment Not Affecting the Judgment of Conviction Compelling Specific Performance of the Government's Promise Based on Breach of the Written and Oral Plea Agreement From a Final Judgment. Fed. R. Civ. P. 60(b)(6); Fed. R. Crim. P. 11(e)(1)(c))," recharacterized as a motion pursuant to 28 U.S.C. § 2255, and the government's motion to dismiss. Having considered both motions, the Court will dismiss defendant's motion as untimely.

### I. BACKGROUND

On August 8, 1996, the government filed a two-count indictment charging defendant with one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and one count of unlawful possession with intent to distribute five kilograms or more of cocaine. Def.'s Mot. at 1-2. Defendant and the government reached a plea

agreement, pursuant to which defendant would plead guilty to the second count of the indictment. *Id.* at 2. In exchange, the government, among other things, was to (1) withdraw a Notice of Previous Conviction filed with the Court on September 10, 1996, (2) make no attempt to increase defendant's offense level under the federal sentencing guidelines, (3) decline to seek an upward departure in sentencing, and (4) move to dismiss the remaining count of the indictment. *Id.*, Ex. 1 (Excerpt from plea agreement) & Ex. 2 (Excerpt from presentence investigation report). Defendant was under the impression that he would be sentenced to a term of 10 years' imprisonment because, without the Notice of Previous Conviction, he was no longer subject to a mandatory minimum sentence of 20 years' imprisonment. *Id.* On October 3, 1996, defendant entered his guilty plea. *Id.* at 2. On January 8, 1997, the court imposed a sentence of 12 years' imprisonment. Def.'s Mot. at 2. Defendant did not appeal his conviction.

Defendant alleges that the government breached the plea agreement by using prior convictions and by recommending a sentence of 12 years' imprisonment. Def.'s Mot. at 2. He now moves "to reduce his incorrect sentence based on breach of the plea agreement by the government[, and to] sentence defendant to a Base Offense Level of 31, Criminal History Category of (I) without a notice of enhancement as to previous convictions to a sentence of 10 years – 12- months guaranteed under the written and verbal plea agreement." Def.'s Mot. at 5.

## II. DISCUSSION

*A. Defendant failed to file his motion within the one-year limitations period.*

In relevant part, Sec. 2255 provides:

2

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. For purposes of defendant's motion, only the first subparagraph applies. He argues neither that the government created an impediment to his filing an appeal, nor that the Supreme Court newly recognized a right made applicable retroactively to a case on collateral review, nor that relevant facts supporting his claim only now have come to light.

If a criminal defendant does not appeal his conviction, the one-year statute of limitations begins to run when the time period for filing an appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (holding that, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that "an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court

extension of appeal time for good time or excusable neglect"); *Baylor v. United States*, 314 F.Supp.2d 47, 51 (D.D.C. 2004) (dismissing as untimely a § 2255 motion filed more than one year after issuance of amended judgment). In a criminal case, generally, a defendant must file his notice of appeal within 10 days after entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i).

This Court imposed sentence on January 8, 1997. Defendant did not file a direct appeal of his criminal conviction. He filed his motion, later recharacterized as a Sec. 2255 motion, on July 11, 2002, long after the one-year statute of limitations expired.

*B. The statute of limitations is not tolled.*

Defendant acknowledges that he filed his motion nearly 6 years after his conviction. *See* Def.'s Mot. at 5. He argues that no statute of limitations applies to an "independent action to relieve [a] party from judgment under [Fed. R. Civ. P.] 60(b)(6)." *Id.* Rule 60(b) is irrelevant here. The claim defendant raises must be brought in a Sec. 2255 motion, and the Court has recharacterized his motion accordingly.[1]

Assuming without deciding that equitable tolling applies in Sec. 2255 cases, such relief is warranted only in extraordinary circumstances beyond defendant's control which made it impossible for him to file a motion timely. *See United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)). A defendant who is without legal representation, or sits on his rights,

---

[1] Pursuant to *United States v. Palmer*, 296 F.3d 1135 (D.C. Cir. 2002), the Court notified defendant of its intention to construe his motion as a Sec. 2255 motion, informed him of the consequences of such action, and gave defendant an opportunity to withdraw the motion. Defendant did not respond, and the Court recharacterized the motion accordingly.

or is ignorant of the law, does not present extraordinary circumstances. *Id.* In this case, defendant presents no reason at all for his failure to file a motion within the time limit set forth in Sec. 2255. The Court identifies no basis for tolling the applicable statute of limitations.

### III. CONCLUSION

The Court concludes that defendant failed to file his Sec. 2255 motion timely, and that there are no extraordinary circumstances to justify equitable tolling of the one-year limitations period. Accordingly, the Court will deny defendant's motion, and will grant the government's motion to dismiss. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

Date: Aug. 18, 2005

THOMAS F. HOGAN
Chief Judge